IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY LAMAR SPINKS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL CASE NO. 3:20-cv-952-ECM |
| ) | [WO] |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM OPINION and ORDER**

On February 5, 2024, the Magistrate Judge entered a Recommendation that Petitioner Timothy Lamar Spinks' motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 1) be denied without an evidentiary hearing and that this case be dismissed with prejudice. (Doc. 17). The Magistrate Judge granted the Petitioner's motion for an extension of time to file objections, (doc. 19), and on March 7, 2024, the Petitioner timely filed objections to the Magistrate Judge's Recommendation as well as a motion to reconsider the Recommendation, (docs. 20, 21).

After carefully reviewing the record in this case, the Recommendation of the Magistrate Judge, and the Petitioner's objections and motion to reconsider, the Court concludes that the Petitioner's objections are due to be overruled, his motion to reconsider is due to be denied, the Recommendation of the Magistrate Judge is due to be adopted, the Petitioner's § 2255 motion is due to be denied without an evidentiary hearing, and this action is due to be dismissed with prejudice.

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 674 (1980). The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990). However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific in order to warrant *de novo* review. *See LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988) ("Whenever any party files a timely and specific objection to a finding of fact by a magistrate, the district court has an obligation to conduct a *de novo* review of the record with respect to that factual issue."). Otherwise, a Report and Recommendation is reviewed for clear error.

To the extent the Petitioner reiterates the claims and factual assertions contained in his § 2255 motion, these general objections are reviewed for clear error and are due to be overruled. Additionally, the Petitioner makes many of same arguments that he already raised before the Magistrate Judge, and the Magistrate Judge considered and rejected those arguments in his well-reasoned Recommendation. The Petitioner has failed to show that the Magistrate Judge erred in his disposition of the Petitioner's arguments. Consequently, the Petitioner's objections are due to be overruled.

The Petitioner makes a specific objection to the Magistrate Judge's conclusion that

the Petitioner's counsel did not render ineffective assistance of counsel when he negotiated a plea agreement which preserved an issue counsel later conceded was legally weak. The Magistrate Judge concluded that the Petitioner could not establish prejudice resulting from counsel's alleged errors in part because the Petitioner did not assert that if his counsel "had not obtained the 'frivolous' carveout allowing an appeal of the suppression issue, he would not have pled guilty but instead would have insisted on going to trial." (Doc. 17 at 7). In his objections, the Petitioner contends, for the first time, that he would not have pleaded guilty and would have proceeded to trial but for his counsel's alleged ineffective assistance with respect to the plea agreement.

The problem for the Petitioner here is that he has not shown that the Magistrate Judge erred in concluding that Petitioner's counsel's performance was not constitutionally deficient with respect to the plea agreement, and the Court agrees with the Magistrate Judge's well-reasoned Recommendation that counsel's performance was not deficient in this regard. Once the Court decides that one of the required showings under *Strickland* has not been made, the Court need not decide whether the other showing has been made. *See Strickland v. Washington*, 466 U.S. 668, 697 (1984); *Clark v. Comm'r, Ala. Dep't of Corr.*, 988 F.3d 1326, 1331 (11th Cir. 2021). Thus, here, because the Petitioner has not made the requisite showing of deficient performance, the Court need not decide whether counsel's performance was prejudicial. *See Strickland*, 466 U.S. at 697; *Clark*, 988 F.3d at 1331. Consequently, the Petitioner's objection is due to be overruled on this basis alone.

Even if the Court did consider prejudice, the Petitioner's objection would still be

due to be overruled.  As the Magistrate Judge explained, the Petitioner "must show that there is a *reasonable probability* that, but for counsel's errors, he would . . . have pleaded [not] guilty and would have insisted on going to trial" in order to establish prejudice. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (emphasis added).  Additionally, the Petitioner's mere assertion that he would have insisted on going to trial but for counsel's errors is insufficient; instead, the Court examines the factual circumstances surrounding the plea to determine whether the Petitioner would have proceeded to trial. *See Miller v. Champion*, 262 F.3d 1066, 1072 (10th Cir. 2001).  On this record, the Petitioner's submission is insufficient to show that "there is a reasonable probability that, but for counsel's errors, he would . . . have pleaded [not] guilty and would have insisted on going to trial." *See Hill*, 474 U.S. at 59. Consequently, the Petitioner's objection is due to be overruled.

In arguing that the Court should reconsider the Magistrate Judge's Recommendation, the Petitioner makes the same arguments as in his objections.  Thus, because his objections are due to overruled for the reasons explained above, the Petitioner's motion to reconsider is due to be denied as well.

Accordingly, upon an independent review of the record, and for good cause, it is

ORDERED as follows:

1. The Petitioner's objections (doc. 20) are OVERRULED;

2. The Petitioner's motion to reconsider (doc. 21) is DENIED;

3. The Recommendation of the Magistrate Judge (doc. 17) is ADOPTED;

      4.      The Petitioner's § 2255 motion (doc. 1) is DENIED without an evidentiary hearing;

      5.      This case is DISMISSED with prejudice.

A separate Final Judgment will be entered.

DONE this 12th day of March, 2024.

                                /s/ Emily C. Marks
                              EMILY C. MARKS
                              CHIEF UNITED STATES DISTRICT JUDGE